[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
In his sole assignment of error, the defendant-appellant, Stuart Likens, asserts that trial court's order adjudicating him a sexual predator pursuant to R.C. Chapter 2950 was contrary to the manifest weight of the evidence. We disagree.
In September 1990, Likens, who was then twenty-four years old, was staying at a mobile home with some family friends and the family's ten-year-old daughter. Likens, who had been drinking alcohol and taking drugs, awoke in the middle of the night, entered the daughter's bedroom, got into bed with her, and inserted a finger into her vagina. The victim awoke and jumped out of bed. Likens apologized afterward, expressing remorse. He subsequently pleaded guilty to felonious sexual penetration in violation of R.C. 2907.12 and was given a sentence of seven to twenty-five years' incarceration.
A sexual predator is a person who has "been convicted of or pleads guilty to committing a sexually oriented offense and is likely to engage in one or more sexually oriented offenses sometime in the future." R.C.2950.01(E). The legislature has enumerated certain factors that are pertinent to a determination whether a person is a sexual predator. R.C. 2950.01(B)(2). Among the factors relevant here are the offender's age, the offender's criminal history (including, but not limited to, sexual offenses), whether the offender has participated in available programs for sexual offenders, the nature of the offender's sexual conduct, and the age of the victim.
As noted, Likens's victim was a child, a ten-year-old girl sleeping alone in her bed. As the Tenth District Court of Appeals observed inState v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported, "The age of the victim is probative [of recidivism] because it serves as a telling indicator of the depths of the offender's inability to refrain from such illegal conduct." The victim was, furthermore, the daughter of family friends in whose home Likens was a guest. Although Likens has received sex-offender treatment while in prison, he has reportedly made no progress with respect to relapse prevention. Finally, it is noteworthy that Likens has an additional criminal history, including a conviction for attempted burglary. Although Likens emphasizes the fact that his sexual offense was committed while he was under the influence of alcohol and drugs, it is clear that the type of sexual behavior he demonstrated cannot be explained away on the basis of either. Accordingly, we hold that the trial court's finding that he was likely to commit a sexually-oriented offense in the future was not contrary to the manifest weight of the evidence.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
GORMAN, P.J., SUNDERMANN and SHANNON, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.